**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINGO MORALES MATEO, | No. 11-71772 |
| Petitioner, | |
| | Agency No. A073-703-114 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Domingo Morales Mateo, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), review for an abuse of discretion the IJ's denial of a continuance, and review de novo claims of due process violations, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's finding that Morales Mateo failed to establish past persecution on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (petitioner must provide some direct or circumstantial evidence of motive); *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").  Substantial evidence also supports the agency's finding that Morales Mateo failed to establish a well-founded fear of future persecution in Guatemala now that the civil war is over.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).  Consequently, Morales Mateo's asylum claim fails.

Because Morales Mateo failed to demonstrate his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal.  *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000).

11-71772

Substantial evidence also supports the agency's denial of CAT protection because Morales Mateo failed to demonstrate it is more likely than not he will be tortured by or with the consent or acquiescence of the Guatemalan government if returned. *See Silaya*, 524 F.3d at 1073.

We reject Morales Mateo's contention that he was denied a full and fair hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Further, the agency did not abuse its discretion in denying Morales Mateo's request for a continuance because he failed to show good cause. *See* 8 C.F.R. § 1003.29. Thus, we reject Morales Mateo's contention that the agency's denial of a continuance violated his due process rights. *See Lata*, 204 F.3d at 1246. We also reject Morales Mateo's contention that the BIA did not properly evaluate the IJ's denial of his request for a continuance.

Finally, Morales Mateo contends the administrative record in his case is incomplete, but he does not show how the allegedly missing materials potentially affected the outcome of his proceedings. *See id.*

**PETITION FOR REVIEW DENIED.**